UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCIA MARETT and ALAN POSNER, on behalf of themselves and all others similarly situated,<br><br>            Plaintiff,<br><br>  -against-<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, and NEW YORK CITY TRANSIT AUTHORITY,<br><br>            Defendants. | 19-cv-05144 (GBD) (RWL)<br><br>**DECLARATION OF<br>HELENE R. HECHTKOPF** |

  HELENE R. HECHTKOPF, pursuant to 18 U.S.C. § 1746, hereby declares under penalty of perjury that the following is true and correct:

  1.  I am a member of the law firm Hoguet Newman Regal & Kenney, LLP, attorneys for Defendants Metropolitan Transportation Authority and New York City Transit Authority. I submit this declaration in support of Defendants' Motion to Enforce the Parties' Settlement Agreement. I am fully familiar with the facts and circumstances set forth below.

  2.  This purported class action suit, brought by named plaintiffs Lucia Marett and Alan Posner, alleges that Defendants' Access-A-Ride paratransit program ("AAR") discriminates against its visually impaired customers. *See* Dkt. 34 (Amended Complaint). Defendants denied these allegations. *See* Dkt. 35 (Answer).

  3.  In January 2020, the parties propounded discovery demands, including requests for document production, interrogatories, and requests for admission. The parties began producing documents in January and February 2020.

  4.  The parties appeared before Magistrate Judge Lehrburger on March 5, 2020, for a settlement conference. The parties made progress toward a settlement that day, and although an

agreement was not reached on that date, the Court continued to mediate discussions between the parties by telephone and email correspondence for several weeks.

5. On May 8, 2020, Defendants submitted a list of proposed settlement terms to the Court by email, and provided further clarification to the Court regarding certain terms by email on May 14, 2020. A true and correct copy of the email chain containing these messages is annexed hereto as **Exhibit 1.**

6. On May 22, 2020, Plaintiffs' counsel advised the Court by email that, after discussion with the two named Plaintiffs, the Plaintiffs "assented to the injunctive relief proposed by Defendant" and accepted the terms of the settlement. Plaintiffs' counsel attached a draft settlement agreement, which the Court forwarded to Defendants on May 23. Plaintiffs' counsel requested that the Court "could recommend its execution to Defendants." A true and correct copy of the email chain containing these messages, as well as the draft settlement agreement, is annexed hereto as **Exhibit 2.**

7. On June 5, 2020, Defendants proposed stylistic revisions to Plaintiffs' settlement agreement and added boilerplate language, but did not propose changing any of the material terms of the settlement to which both sides had agreed. A true and correct copy of Defendants' email and the attached revised settlement agreement is annexed hereto as **Exhibit 3.**

8. Based on the progress made during the settlement discussions, as well as the eventual agreement to settle, neither party resumed discovery.

9. On June 16, 2020, Plaintiffs' counsel requested a telephone conference to discuss the settlement agreement. A true and correct copy of the email chain scheduling the telephone conference is annexed hereto as **Exhibit 4.** During the conference, which occurred on June 17, Plaintiffs' counsel explained that Plaintiff Alan Posner refused to sign the settlement agreement

because he had recently had some trouble with his Access-A-Ride service and was unhappy, despite the fact that the changes provided for in the settlement agreement had not yet been implemented.

10. Defendants informed Plaintiffs' counsel on the call, and again by email on June 25, of their position that the parties had already reached an enforceable agreement. A true and correct copy of the June 25 email is annexed hereto as **Exhibit 5.**

11. Despite further discussions and negotiations, including a discussion with the Court, Plaintiff Posner continues to refuse to sign the settlement agreement.

_____
Helene R. Hechtkopf