**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------- x

LUCIA MARETT and ALAN POSNER, *on behalf of*   :
*themselves and all others similarly situated,*   :

  :

                           Plaintiffs,   :
      -against-   :

  :

METROPOLITAN TRANSPORTATION   :
AUTHORITY, and NEW YORK CITY TRANSIT   :
AUTHORITY,   :
               Defendants.   :

------------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19 Civ. 5144 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Lucia Marett and Alan Posner (together, "Plaintiffs") commenced this putative

class action against Defendants Metropolitan Transportation Authority and New York City Transit

Authority (together, the "Defendants"), asserting claims under Title II of the Americans with

Disabilities Act, 42 U.S.C. § 12143, Section 504 of the Rehabilitation Act of 1973, and the New

York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* (First Amended Class Action

Complaint ("Compl."), ECF No. 34, at 1.) Plaintiffs claim that Defendants violated their civil

rights by failing to provide "paratransit[1] service that is reasonably accessible to, and independently

usable by," visually impaired persons. (*See id.* ¶ 4.) Subsequently, Defendants moved to enforce

the settlement agreement that they claim the parties entered on May 22, 2020, prior to executing a

more formal written document. (*See* Notice of Mot., ECF No. 50.).

Before this Court is Magistrate Judge Robert W. Lehrburger's November 24, 2020, Report

and Recommendation (the "Report"), recommending that the Defendants' motion to enforce the

settlement agreement be denied. (Report, ECF No. 56, at 1.) Magistrate Judge Lehrburger advised

---

[1] "Paratransit 'is the term used for a demand-response service in which an eligible customer reserves a trip
in advance to a destination within the service area covered by public buses and subways.'" (Compl. at ¶
2.)

the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*See id.* at 21–22.). No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full. Accordingly, Defendants' motion to enforce the settlement agreement is DENIED.

## I.   FACTUAL BACKGROUND[2]

On March 5, 2020, the parties appeared before Magistrate Judge Lehrburger for a settlement conference. (*See* Minute Entry dated March 5, 2020.) Even though the parties did not come to an agreement during the conference, Magistrate Judge Lehrburger "extended the discovery schedule so that negotiations could continue[.]" (*See* Report at 3; Order dated March 5, 2020, ECF No. 41.) Defendants eventually offered to take certain remedial actions, and, on May 13, 2020, Magistrate Judge Lehrburger sent Plaintiffs' counsel an email detailing this offer. (*See id.* at 3–4.) On May 22, 2020, Plaintiffs' counsel responded, stating that "Plaintiffs . . . have assented to the injunctive relief proposed by Defendant [and] I have waived all fees and expenses incurred. . . ." (Exhibit 2 ("May 22, 2020 Email"), ECF No. 51-2, at 2.) Plaintiffs' counsel attached a "Confidential Settlement Agreement and Release of Claims," requesting a recommendation of execution if the "Agreement comports with the terms for settlement as proposed by Defendants." (*Id.*) In this agreement, Plaintiffs added a contingent obligation relating to Defendants' "two-way radio communication." (Report at 18 (citing May 22, 2020 Email, at 4, § 2(C)).) Magistrate Judge Lehrburger forwarded the email to defense counsel. (*See id.*)

On May 27, 2020, defense counsel emailed Plaintiffs' counsel stating: "I was happy to hear . . . that we have a settlement in principle. We . . . hope to have a counterproposal to you within

---

[2] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

2

the next few days." (Exhibit 3 ("May 27, 2020 Email"), ECF No. 51-3, at 2.) On June 5, 2020, defense counsel emailed Plaintiffs' counsel a "revised draft of the settlement agreement," adding a time limit to the contingent obligation proposed by Plaintiffs, among other revisions. (Report at 6 (citing Exhibit 1, ECF No. 54-1, at 13–21; *see also* May 27, 2020 Email, at 7.)

Subsequently, Plaintiff Posner refused to sign Defendants' proposed revised agreement. (*See* Exhibit 5, ECF No. 51-5.) On July 28, 2020, Plaintiffs' counsel sent defense counsel a revised draft of the agreement, materially changing the remedial actions required of Defendants. (*See* Exhibit 2, ECF No. 54-2, at 5; Exhibit 1, ECF No. 54-1, at 5–6, § 2(B).) Defense counsel responded that Defendants "cannot accept this revision to the settlement proposal." (Exhibit 2, ECF No. 54-2, at 3.) On September 18, 2020, Defendants filed a motion to enforce the settlement agreement, arguing that the parties reached a binding agreement on May 22, 2020. (*See* Mem. of Law in Supp. of Defs.' Mot. to Enforce the Parties' Settlement Agreement, ECF No. 52.)

## II.  LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## III.  DEFENDANTS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT IS DENIED

The Second Circuit articulated four factors that courts should consider in determining whether parties intend to be bound in the absence of a document executed by the parties:

3

"(1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing."

*Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985). Further, "[n]o single factor is decisive, but each provides significant guidance." *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 323 (2d Cir. 1997). Here, Magistrate Judge Lehrburger correctly found upon review of the four *Winston* factors that the parties did not enter into a binding and enforceable settlement agreement upon Plaintiffs' assent in their May 22, 2020 email to Defendants' proposed remedial actions. (*See* Report at 21.)

## A. Reservation of Right Not to be Bound.

Magistrate Judge Lehrburger properly determined that the language of "the parties' communications used in and shortly after the purported agreement indicates that the parties did not intend to be bound before executing a formal written agreement." (Report at 15.) He correctly outlines that parties "may demonstrate and communicate their intent not to be bound through less direct language." (*Id.* at 14 (citing *Winston*, 777 F.2d at 81).) Plaintiff's counsel did just that in the May 22, 2020 email, as Magistrate Judge Lehrburger appropriately notes. (*See id.* at 13.) Plaintiffs' counsel expressed uncertainty as to whether the "proposed" agreement attached to that email comported with Defendants' offer, indicating a lack of a meeting of the minds between the parties. (*Id.* (citing May 22, 2020 Email, at 1).) Further, Plaintiffs' proposed agreement indicates an intent not to be bound because it identifies "its effective date as the date it becomes fully executed, not before." (*Id.* (citing May 22, 2020 Email, at 3).)

Defendants, similarly, exhibited a lack of intent to be bound. As Magistrate Judge Lehrburger points out, in Defendants' May 27, 2020 email to Plaintiffs' counsel, Defendants state that "we have a settlement in principle" and refer to the written agreement as a "'draft settlement

4

agreement' to which Defendants will provide a 'counterproposal.'" (Report at 14–15 (citing May 27, 2020 Email, at 3; *Henchman's Leasing Corp. v. Condren*, No. 87 Civ. 6478, 1989 WL 11440, at *4 (S.D.N.Y. Feb. 8, 1989) ("agreement in principle" is usually a phrase that indicates that the parties do not intend to be legally bound).) Accordingly, this factor weighs against a finding that the parties intended to be legally bound.[3]

## B. Partial Performance.

With respect to the second *Winston* factor, Magistrate Judge Lehrburger appropriately concluded that this factor is neutral. (*See* Report at 16.) First, he appropriately points out that Defendants do not assert that they began implementing any of the proposed remedial actions. (*See id.*) Second, Magistrate Judge Lehrburger correctly discounted Defendants' contention that drafting of the settlement agreement and halting litigation amounts to partial performance. (*See id.*) Drafting the agreement is not partial performance "where one party's drafting . . . was not a term" previously agreed by the parties. (*Id.* (citing *Can't Stop Productions, Inc. v. Sixuvus, Inc.*, No. 17 Civ. 6513 (CS), 2019 WL 1397196, at *5 (S.D.N.Y. March 28, 2019).) Further, as Magistrate Judge Lehrburger notes, it is common for litigants to stand down when they reach an agreement in principle. (*Id.*) Even if this Court were to consider "halting litigation and exchanging drafts" as partial performance, these actions are "offset by the fact that Defendants did not undertake, and Plaintiffs did not accept, performance of any of the remedial injunctive provisions." (*Id.*) Consequently, this factor is neutral.

---

[3] Magistrate Judge Lehrburger accurately concluded that Defendants fail to successfully distinguish Plaintiffs' cases, cited in support of Plaintiffs' proposition that the language in the proposed agreement indicates an intent not to be bound, because whether a settlement agreement is enforceable is a matter of contract law. (Report at 13 n.7 (citing Mem. of Law in Supp. of Pls.' Opp'n to Defs.' Mot. to Enforce the Parties' Settlement Agreement, ECF No. 53, at 3–4); Reply Mem. of Law in Further Supp. of Defs.' Mot. to Enforce the Parties' Settlement Agreement, ECF No. 55, at 2–3).)

## C. Open Material Terms.

Magistrate Judge Lehrburger correctly found that the third *Winston* factor weighs against enforcement. (*See* Report at 19.) Specifically, at least one material term remained to be negotiated. (*See id.* at 18–19.) In the May 22, 2020 email, Plaintiffs included an additional contingent obligation regarding Defendants' "two-way radio communication," which did not include a "time limit." (Report at 18 (citing May 22, 2020 Email, at 4, § 2(C).) As Magistrate Judge Lehrburger properly points out, instead of responding that this provision "should be deleted as it was not included in the" parties' purported agreement, Defendants "sought to negotiate the term" in their counterproposal.[4]   (Report at 18–19 (citing Exhibit 1, ECF No. 54-1, at 15–16, § 2(D).) Accordingly, this open material term weighs against enforcing the purported settlement agreement.

## D. Type of Agreement.

Finally, regarding the fourth *Winston* factor, Magistrate Judge Lehrburger properly determined that, even though the parties memorialized the proposed agreement in writing, the parties would not "expect it to be binding until memorialized in a more formal and expansive written document." (*See* Report at 20 (citing *Adjustrite Sys., Inc. v. GAB Bus. Services, Inc.,* 145 F.3d 543, 551 (2d Cir. 1998).) Indeed, as Magistrate Judge Lehrburger correctly identified, the Defendants are "governmental or quasi-governmental entities that likely do not agree to be contractually bound until executing a written agreement that fully spells out all terms."[5] (Report at 20.) The expectation for a more formal written agreement is further demonstrated by the parties'

---

[4] As Magistrate Judge Lehrburger correctly concludes, contrary to Defendants' contention, a court may consider the parties' actions during the memorialization of the purported agreement to analyze the third *Winston* factor. (Report at 19 n.9 (citing *Ciaramella,* 131 F.3d at 325; *Can't Stop Productions,* 2019 WL 1397196 at *6).)

[5] Magistrate Judge Lehrburger appropriately notes that the "Second Circuit has found that the MTA performs a governmental function" pursuant to N.Y. Pub. Law 1264(2). (Report at 20 n.10 (citing *Rose v. Long Island Railroad Pension Plan,* 828 F.2d 910, 916–17 (2d Cir. 1987).)

6

disagreement regarding the open material terms discussed above. (*See id.*) Therefore, the fourth *Winston* factor weighs against enforcing the purported agreement. (*See id.*)

Since the first, third, and fourth *Winston* factors weigh strongly in favor of denying enforcement, while the second factor remains neutral, the record supports the finding that the parties did not intend to be bound when Plaintiffs assented to Defendants' proposed remedial actions in the May 22, 2020 email.

## IV.   CONCLUSION

Magistrate Judge Lehrburger's Report is ADOPTED. Defendants' motion to enforce the settlement agreement, (ECF No. 50), is DENIED. The Clerk of Court is directed to close the motions at ECF Nos. 46 and 50 accordingly.

Dated: New York, New York
        March 15, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

7