UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIA MARETT and ALAN POSNER, on behalf of themselves and all others similarly situated,

                        Plaintiff,

-against-

METROPOLITAN TRANSPORTATION AUTHORITY, and NEW YORK CITY TRANSIT AUTHORITY,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/2021

19-cv-05144 (GBD) (RWL)

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential"

1

pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. Any Party or that party's counsel (collectively, the "Designating Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information;

(b) previously non-disclosed business plans;

(c) any information of a personal or intimate nature regarding any individual, including, for example, medical records or information about any individual's physical or mental condition; or

(d) any other category of information this Court subsequently affords confidential status.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Designating Party may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Designating Party may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying all counsel of record, in writing,

within ten days after notification from the court reporter that the transcript is available, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating Party. During the 10-day period, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the trial of this action a Designating Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Designating Party may so designate such material by so apprising all prior recipients in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Designating Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action;

(b) outside counsel retained specifically for, or in-house counsel working on, this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

8. In the event that a Party intends to utilize Confidential Discovery Material in a publicly filed court document, or to utilize Confidential Discovery Material in open court, such Party shall abide by Magistrate Judge Lehrburger's "Rules for Redactions and Filing Under Seal," which are incorporated here by reference.

9. The Court retains discretion whether to afford Confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford

confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

10. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices.

11. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

12. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Designating Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Designating Party deems it appropriate to do so.

13. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. Within sixty days of the conclusion of this litigation (including the later of the expiration of all appeal periods and/or the approval by the Court of a settlement agreement executed by the Parties that finally disposes of this action), counsel of record for the Parties shall secure the return of all Discovery Material designated Confidential and all copies thereof and notes, abstracts or summaries made therefrom, from all persons to whom such materials were disclosed under the terms of this Order, and shall return them to counsel for the party who initially produced the Discovery Material, except that counsel may retain their work-product, copies of Court filings and official transcripts and exhibits, provided that the Confidential information contained therein will continue to be treated as provided herein. Alternatively, a Party, at its discretion, may certify to the Designating Party that all such information except work product has been destroyed.

15. If a Party receives Discovery Material that the Designating Party deems to contain inadvertently disclosed information protected by the attorney-client privilege, the work product doctrine, or any other recognized privilege or protection ("Privileged Material"), the receiving Party shall, upon receipt of a demand by the Designating Party, immediately return the Discovery Material containing the Privileged Material without reservation of a copy or copies. The inadvertent disclosure by any person of any Privileged Material shall not waive any such privilege or protection, for the Privileged Material or for the subject matter of that material, in this Action or any other state or federal proceeding or other proceeding, pursuant to Federal Rule of Evidence 502(d) and (e) and Federal Rule of Civil Procedure 26(b)(5)(B). This Order shall not excuse a Designating Party from taking reasonable steps to identify, in advance of production, its documents and information which contain Privileged Material.

16. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

Dated: __June 28__, 2021
New York, New York

_____
The Honorable Robert W. Lehrburger
United States Magistrate Judge